977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
X.L. COOK, Petitioner-Appellant,
v.
Robert BORG; and the Attorney General of California,
Respondents-Appellees.
 No. 91-56034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Oct. 20, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 X.L. Cook, a state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. He contends that the state court improperly limited his cross-examination of the victim, and that the district court erred by denying an evidentiary hearing and by failing to review the state court record. We reject these contentions, and we affirm.
 
 
 3
 Cook was found guilty of committing lewd acts upon a minor under the age of 14 in violation of state law. He argues that the state trial court improperly restricted his cross-examination of the victim when it barred him from asking her whether she was knowledgeable in acts of sex, whether her father had physically abused her, and whether she had ever watched pornographic movies. He also asserts that the court erred by excluding evidence that the victim had listened to Cook and his wife engage in sexual activity. Cook's defense was based primarily on alibi.
 
 
 4
 The record shows that Cook was permitted to cross-examine the victim at length. We are reluctant to set aside a conviction when substantial cross-examination has taken place, particularly when the topic of cross-examination is a collateral matter. Bright v. Shimoda, 819 F.2d 227, 229 (9th Cir.1987), cert. denied, 485 U.S. 970 (1988). Moreover, incorrect state court evidentiary rulings cannot serve as a basis for habeas relief unless federal constitutional rights are affected. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990) (quotation omitted), cert. denied, 111 S.Ct. 974 (1991). We agree with the district court that the limitations on Cook's cross-examination involved collateral matters and that the precluded testimony had little to do with his defense of alibi. Accordingly, Cook's confrontation right was not violated.
 
 
 5
 Cook also contends that it was error for the district court not to conduct an evidentiary hearing. Such a hearing is required in federal habeas procedings when (1) petitioner's allegations, if proved, would establish the right to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. Greyson v. Kellam, 937 F.2d 1409, 1415 (9th Cir.1991). Because Cook's allegations, even if true, do not establish a prima facie case for habeas relief, no evidentiary hearing was required. See Tinsley, 895 F.2d at 530.
 
 
 6
 Finally, Cook contends that the district court failed to review the state court record before it issued its decision. When a district court denies a petition without conducting an evidentiary hearing, it must make findings and conclusions to show that it has independently reviewed the record. Lincoln v. Sunn, 807 F.2d 805, 808 (9th Cir.1987). Here, relevant portions of the state court trial transcripts were lodged with the district court. The magistrate's report and recommendations indicate that he reviewed the transcripts. The district court "reviewed the pleadings and other papers herein" and it approved and adopted the magistrate's report and recommendation. The district court's consideration of the record was sufficient.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3